Mary L. HOLLINGER–HAYE, Plaintiff,

v.

HARRISON
WESTERN/FRANKI–DENYS,
et al., Defendants.

Civ. A. No. 89–1270.

United States District Court,
District of Columbia.

Jan. 25, 1990.

Eric Steele, Washington, D.C., for plaintiff.

Gregory W. Homer, Washington, D.C., for defendants.

MEMORANDUM ORDER

JOHN GARRETT PENN, District Judge.

■ This matter is before the Court on plaintiff's Motion For Leave To File Second Amended Complaint. Plaintiff seeks a second amended complaint to add twelve causes of action.[1] Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." However, the Court recognizes that when the motion to amend is filed late in the litigation, justice requires the Court to determine whether there is prejudice to the defendants.

■ Plaintiff filed this suit in D.C. Superior Court on April 17, 1989. On May 9, 1989, defendant Harrison Western petitioned to have the action removed to this Court. On July 3, 1989, plaintiff moved for leave to file her First Amended Complaint.[2] The motion was unopposed. The Court granted the motion on July 19, 1989. During a status hearing on July 18, 1989, the Court required that all discovery was to be completed on or before December 15, 1989. *See* Order filed July 21, 1989. Further, during a status hearing on September 11, 1989, defendants Harrison Western/Franki–Denys and Harrison Western

---

1. The Second Amended Complaint sets forth statutory claims against the defendants for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, for violations of the District of Columbia Human Rights Act of 1977, 2 D.C.Code Ann. § 1–2501 *et seq.*, for violations of the Equal Pay Act of 1963, 29 U.S.C. § 206(d), and for violations of the Civil Rights Act of 1871, 42 U.S.C. § 1985(3). Plaintiff's Memorandum In Support of Her Motion For Leave To File Her Second Amended Complaint ("Plaintiff's Memorandum") at 2–3. In addition, the Second Amended Complaint sets forth a third party beneficiary count, an intentional interference with contractual relations count, an implied covenant of good faith and fair dealing count, a promissory estoppel count, a civil conspiracy count, and a civil aiding and abetting count. *Id.* at 3–4.

2. The First Amended Complaint sought to name Franki–Denys as a defendant, dismiss defendants Franki Foundation and Denys N.V., and to amend her § 1981 allegations. Plaintiff's Memorandum at 2.

informed the Court that they intended to file dispositive motions; the Court required the motion to be filed by January 5, 1989. On January 5, 1989, the defendants did file motions for summary judgment. Plaintiff filed her motion for leave to file a second amended complaint on December 15, 1989; the date discovery was due to be completed.

The defendants argue that the motion to amend should be denied due to unnecessary delay in filing the motion. They contend that this case is similarly to *Anderson v. USAir, Inc.*, 619 F.Supp. 1191 (D.D.C. 1985), *aff'd*, 818 F.2d 49 (D.C.Cir.1987), where this Circuit affirmed the district court's decision to deny the motion to amend because the additional counts were based on facts known prior to the completion of discovery. The Court agrees that this case is similar to *Anderson*. Like *Anderson*, the additional counts were based on facts known to the plaintiff prior to the completion of discovery. Likewise, the discovery schedule had been agreed to by the parties.

Plaintiff filed her charge of discrimination with the Washington Area Equal Employment Opportunity Commission ("EEOC") on or about August 29, 1986. Plaintiff's Reply at 1–2. Plaintiff states that the delay in filing the motion to amend was due to reliance on EEOC representatives that the EEOC would issue a finding "shortly". *Id.* at 1–4. Plaintiff was entitled to request a notice of right to sue 180 days after filing a charge with the EEOC. 29 C.F.R. § 1601.28(a). It was not until December 6, 1989, that the plaintiff requested her notice of right to sue. Plaintiff's Reply at 4. Plaintiff waited over three years to file her notice of right to sue. Plaintiff did not inform the defendants or the Court that she intended to amend her complaint, or that the delay in the EEOC proceeding might require a need to amend the complaint. The Court agrees with the defendants that the delay was unreasonable.

The plaintiff states that the defendants would not be prejudiced because no additional discovery would be needed. The Court disagrees. The defendants would clearly have a right to conduct additional discovery in order to determine the basis of the additional claims. Plaintiff has not demonstrated a good reason for the delay in filing the motion to amend. The Court concludes that the defendants would be unduly prejudiced if the motion to amend were granted. Accordingly, the Court concludes that the motion for leave to file a second amended complaint should be denied.

It is hereby

ORDERED that the motion for leave to file a second amended complaint is denied.

